UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES,

                    Plaintiff,

        -against-

TUERE BARNES,

                    Defendant.

---

No. 04 CR 186 (LAP)

ORDER

LORETTA A. PRESKA, Senior United States District Judge:

    Mr. Barnes moves, pursuant to 18 U.S.C. § 3583(e), for early termination of supervised release. (Dkt. No. 706 ("Motion").)  Mr. Barnes was found guilty of racketeering, conspiracy to distribute narcotics, kidnapping, conspiracy to kidnap, conspiracy to murder, and possession of a firearm in relation to a kidnapping.  (Dkt. No. 575 ("Judgment").)  He was sentenced to 300 months imprisonment and 3 years of supervised release.  (Id.)  On July 7, 2020, I granted Mr. Barnes's motion for a reduction of sentence pursuant to the First Step Act of 2018 and sentenced him to time served plus one week.  (Dkt. No. 705.)  Mr. Barnes's term of supervised release thus commenced on or about July 14, 2020, and he has served approximately 18 months of his supervised release term.  Both the Government and the Probation Department opposed Mr. Barnes's motion.  (Dkt. No. 708 ("Opposition").)  The Court has carefully reviewed the

1

parties' submissions and denies Mr. Barnes's motion for the following reasons.

Under Section 3583(e), the Court may, after considering the factors set forth in Section 3553(a) of the Title 18 of the United States Code, "terminate a term of supervised release . . . after the expiration of one year of supervised release . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interests of justice." Here, there is no question that Mr. Barnes has served more than one year of supervised release. Thus, the only question is whether termination is warranted by Mr. Barnes's conduct and the interests of justice.

Mr. Barnes principally moves for early termination of supervised release on the grounds that he "worked hard in prison, doing a massive amount of programming to better [himself];" has continued his word work while on supervised release, "work[ing] three jobs simultaneously" with "no violations of supervision, no failed drug tests, and . . . no other civil/domestic litigation pending;" and hopes to "buy a good box truck and start [his] own company, running freight all around the country," but is prevented from doing so by "the travel restrictions required by supervision."  (Motion at 2.) Mr. Barnes also notes that while he lives in Massachusetts, his father--who is ill--lives in New York, and his mother lives in

Florida, and termination of supervised release would presumably allow Mr. Barnes to meet with his parents more frequently. (Id. at 2-3.)

Although Mr. Barnes's period of supervised release has indeed been without incident, and while Mr. Barns's hard work since he was released from prison is commendable, the Court concludes that termination of supervised release is not warranted. "Occasionally, changed circumstances—for instance, exceptionally good behavior by the defendant or a downward turn in the defendant's ability to pay a fine or restitution imposed as conditions of release—will render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a)." United States v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997). However, "[a] defendant's faithful compliance with the terms of his supervision does not, by itself, entitle him to modification or termination of his term of supervised release." United States v. Bouchareb, 76 F. Supp. 3d 478, 479 (S.D.N.Y. 2014) (cleaned up). The Court notes that Mr. Barnes played a significant role in committing the serious crimes for which he is currently serving a term of supervised release, and his period of incarceration has already been reduced to time served of about 17 years, down from his original sentence of 25 years.

And While Mr. Barnes asserts that supervision is interfering with a potential interstate business venture and the ability to visit with his parents, the inconvenience of having to obtain advance travel authorization does not rise to the level of a new or unforeseen circumstance that would support the early termination of supervised release.  See, e.g., United States v. Black, No. 10-CR-303-A, 2013 WL 2527371, at *3 (W.D.N.Y. June 10, 2013) (denying early termination of supervised release where defendant claimed travel authorization requirement had "negative effect on his business" but did not set forth any "concrete negative effect" or establish anything other than "the travel-approval process is inconvenient").

In sum, the Court commends Mr. Barnes for his hard work and compliance with the terms of supervised release, but, having considered parties' briefing, the factors set forth in 18 U.S.C. § 3553(a), and the relevant provisions of the Guide to Judiciary Policy, the Court concludes that Mr. Barnes has not identified extraordinary conduct or unforeseen harsh circumstances that warrant early termination.  "[F]ull compliance with the terms of supervised release is what is expected of [Mr. Barnes] and all others serving terms of imprisonment and supervised release and does not warrant early termination."  See United States v. Rasco, No. 88 Crim. 817 (CSH), 2000 WL 45438, at *2 (S.D.N.Y. Jan. 19, 2000).

4

The Clerk of the Court shall mark the motion closed (dkt. no. 706) and transmit a copy of this order to Mr. Barnes at the email address provided in his motion.

**SO ORDERED.**

Dated:     January 12, 2022
           New York, New York

_Loretta A. Preska_
_____
LORETTA A. PRESKA
Senior United States District Judge